24 C.C.P.A.(Patents)

### In re BUCKWALTER.

### Patent Appeals No. 3700.

Court of Customs and Patent Appeals.

Feb. 23, 1937.

900

James A. Carr and Joseph J. Gravely, both of St. Louis, Mo., for appellant.

R. F. Whitehead, of Washington, D. C. (Howard S. Miller, of Washington, D. C., of counsel), for Commissioner of Patents.

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges.

HATFIELD, Associate Judge.

This is an appeal from a decision of the Board of Appeals of the United States Patent Office affirming the decision of the Primary Examiner rejecting claims Nos. 5, 6, 7, and 9 in appellant's application for a patent for an alleged invention relating to a locomotive crosshead key comprising a web portion, etc.

At the time of the oral arguments in this court, counsel for appellant moved to dismiss claim 4. The motion is granted.

Claim 5 is illustrative of the appealed claims. It reads:

"5. A locomotive crosshead key comprising a web portion provided with ribs defining the ends and side edges thereof, said web portion being provided intermediate its ends with a plurality of cross ribs that extend from side rib to side rib, the ribs at the side edges of said web having transversely convex outer faces and beveled inner faces."

The references relied upon are: Lipschutz, 802,518, October 24, 1905; Wright, 1,782,863, November 25, 1930; Tower, 1,820,638, August 25, 1931; Newton, 1,849,377, March 15, 1932.

The alleged invention is sufficiently set forth in the quoted claim.

In his statement, the Primary Examiner discussed the references as follows:

"The claims were each rejected as not defining invention over Wright or Newton in view of Lipschutz.

"Wright and Newton each shows a wedge key consisting of a web portion with thickened ribs at its side and end edges. See element 20 of Wright.

"Lipschutz teaches making a machine element, broadly in the nature of a key, of cut out form to reduce its weight, and save material, and also teaches reinforcing the element by transverse reinforcements 15 at the regions of greatest shearing stress. It was held to merely reinforce the key element of Wright or Newton at the points of greatest shear would amount to a mere carrying forward of the old idea suggested by Lipschutz. The obvious means of reinforcing a key of Wright's or Newton's type would be to thicken the web, or in other words, provide ribs on the webs at the desired regions."

In its decision affirming the statement of the Examiner, the Board of Appeals discussed appellant's alleged invention as follows:

"Applicant's locomotive crosshead key differs from the standard key construction in common use in that it has been skeletonized to make it of less weight. The configurations of its ends and its edge portions are the same as those of the standard key, thereby permitting the substitution of applicant's key for those in common use. The key may be made of an alloyed steel, as defined in some of the appealed claims, but we see nothing inventive in the selection of this particular material.

"The patent to Wright shows a key 20, the side portions of which, except at the edges, have been relieved in much the same manner as the side portions of applicant's key. Applicant has relieved to a lesser extent in those areas in which the key is subjected to maximum shearing stresses when the key is in use, but the patent to Lipschutz discloses a connecting pin which has been skeletonized to lessen its weight and in which the material in those portions which are subjected to maximum shearing stresses has not been removed. We, therefore, believe there is nothing patentable over Wright in this feature."

and concluded with the following statement:

"It is believed that there is nothing inventive in the broad concept of skeletonizing a locomotive crosshead key in order to make it of less weight. It is a common expedient to skeletonize mechanical structures and particularly moving parts for this purpose. Obviously enough, whenever skeletonizing is done, those portions of the articles skeletonized which may be eliminated without materially affecting the strength of the article are removed. In so far as applicant's specific structure is concerned, we feel there is nothing inventive over the disclosures in the prior art references."

It is contended by counsel that the problem confronting appellant was to reduce the weight, without in anyway sacrificing the strength, of a standard locomotive crosshead key; that appellant solved the problem by using an alloy steel as a substitute for ordinary steel, and skeletonizing the key;

that the standard key theretofore provided was an elongated steel block; and that it weighed approximately twice as much as the key of the involved application.

Counsel concede that the mere skeletonizing of a key is not new, and in their brief state that "skeletonizing, in itself, is not applicant's invention"; that it "is only an incidental result of embodying applicant's new ideas and newly found facts in a physical structure."

Claim 9, the most specific claim on appeal, provides for "an alloy steel of the kind described." In other words, this claim not only includes the particular structure defined in the other appealed claims, but also the material of which it is composed.

It is argued, in substance by counsel, that what appellant really did was to use a new material—an alloy steel—having properties far superior to those of ordinary steel, and to skeletonize the key of the prior art in such manner as to give it strength where the greatest shearing stresses occurred.

It is not claimed that the mere use of an alloy steel makes any of the claims inventive.

It is claimed, however, that, considering the references of record, the particular way in which appellant skeletonized the key, providing strength where it was needed, involved invention.

Counsel argue, and it may be conceded, that appellant's key is about 50 per cent. lighter than those of the prior art, and that this, in itself, is a very important factor.

Nevertheless, we are in entire accord with the views of the tribunals of the Patent Office that the use of an alloy steel, which, of course, has its advantages, is not, in and of itself, patentable.

Therefore, the question of patentability must depend upon whether making a skeleton key strong where strength is most needed, plus the material out of which the key is made, involves invention.

It is argued that the prior art is not in point.

However, we are not of that opinion.

We are in accord with the conclusion reached by the Patent Office tribunals that, although appellant's key is novel and may be useful, it does not involve invention.

In view of the discussion of the issues by the tribunals of the Patent Office, and as we are in agreement with the conclusion reached by them, we deem it unnecessary to enter upon a detailed discussion of the reasoning which brings us to the same conclusion.

For the reasons stated, claim 4 is dismissed, and the decision of the Board of Appeals is affirmed as to the other appealed claims.

Affirmed.